UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:14-cr-153-LJO-SKO |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTIONS FOR TRANSCRIPTS (Docs. 40, 41) |
| v. | |
| EDGARDO FOURNIER, | |
| Defendant. | |

Defendant Edgardo Fournier, a federal prisoner proceeding pro se, moves under 28 U.S.C. § 753(f) for the Court to order the government to provide him transcripts of his criminal proceedings at no cost. Docs. 40, 41. Defendant contends the transcripts are necessary for his "post-conviction relief efforts" in the future. *See* Doc. 41 at 2.

Defendant does not explain in any detail the basis for his "post-conviction relief efforts" or what they will entail. The Court presumes that Defendant intends to bring a motion under 28 U.S.C. § 2255 ("§ 2255") challenging his sentence. A § 2255 petitioner may move to have transcripts produced at government expense. *See* 28 U.S.C. § 753(f). Two statutes must be considered when the district court receives a request to prepare transcripts at government expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances in which the court can direct payment by the United States for printing the record for an indigent litigant. Section 1915(c) provides in relevant part:

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of . . . preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code.

Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts for § 2255 petitioners only if "the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f).

The Court is unable to grant Defendant's motions for transcripts unless and until the Court can determine whether his "post-conviction relief efforts" are frivolous and whether the trial transcripts are needed to decide the issue(s) they raise. *See id*. Defendant does not provide any explanation of how he intends to proceed in the future or the basis for those proceedings. As such, the Court cannot determine whether his anticipated post-conviction efforts are frivolous or whether trial transcripts are necessary to decide the issue(s) they raise. Accordingly, the Court DENIES WITHOUT PREJUDICE Defendant's motions for transcripts (Docs. 40, 41).

IT IS SO ORDERED.

Dated:   **December 21, 2015**          **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE